IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANDREA S. MCCRAY,                )
                                 )
        Plaintiff,                )
                                 )
v.                               )   1:15CV951
                                 )
CAROLYN W. COLVIN,               )
Acting Commissioner of Social    )
Security Administration,         )
                                 )
        Defendant.                )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Andrea S. McCray, brought this action to obtain judicial review of a final decision of the Commissioner of Social Security denying her claims for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). The Court has before it the certified administrative record and cross-motions for judgment. (Docket Entries 7, 9, 12.) For the reasons set forth below, the Court recommends that Defendant's motion (Docket Entry 12) be granted, Plaintiff's motion (Docket Entry 9) be denied, and that the final decision of the Commissioner be upheld.

## I. PROCEDURAL HISTORY

In April 2012, Plaintiff filed an application for DIB alleging a disability onset date of March 1, 2006. (Tr. 175-76.)[1] Plaintiff also filed an application for SSI on April 11, 2014. (Tr. 193-213.) Plaintiff's claims were denied initially and upon reconsideration. (Tr. 77, 93.) Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 127-28.) A hearing was held on March 26, 2014. (Tr. 26-55.) ALJ Wanda Wright issued an unfavorable decision on August 1, 2014. (Tr. 8-20.) This decision became the final administrative decision after the Appeals Council declined review. (Tr. 1-3.) Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

Plaintiff previously filed applications for DIB and SSI, both of which were denied by an ALJ in a final agency decision. (Tr. 56-67.) This decision became the final administrative decision after the Appeals Council declined review. (Tr. 74-76.) No further action was taken with regards to those applications. Applying *res judicata* principals, ALJ Wanda Wright stated that the relevant period for her decision began November 25, 2009, the day following the prior decision. (Tr. 11; *see also Doyle v. Astrue*, No. CIV.A. 6:10-46-KFM, 2011 WL 692217, at *8 (D.S.C. Feb. 18, 2011) (unpublished) (citing *Albright v. Comm'r of Soc. Sec.*, 174 F.3d 473, 476 n.4 (4th Cir. 1999) ("To the extent that a second or successive application seeks to relitigate a time period for which the claimant was previously found ineligible for benefits, the customary principles of preclusion apply with full force.")).

---

[1] Transcript citations refer to the administrative record which was filed with Defendant's Answer. (Docket Entry 7.)

2

## II. STANDARD OF REVIEW

The Commissioner held that Plaintiff was not under a disability within the meaning of the Act. Under 42 U.S.C. § 405(g), the scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). This Court's review of that decision is limited to determining whether there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hunter*, 993 F.2d at 34 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[It] 'consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Id.* (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. *Richardson*, 402 U.S. at 401. The issue before the Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

Thus, "[a] claimant for disability benefits bears the burden of proving a disability," *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981), and in this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]'" *id.* (quoting 42 U.S.C. § 423(d)(1)(A)). "To regularize the adjudicative process, the Social Security

3

Administration has . . . promulgated . . . detailed regulations incorporating longstanding medical-vocational evaluation policies that take into account a claimant's age, education, and work experience in addition to [the claimant's] medical condition." *Id.* "These regulations establish a 'sequential evaluation process' to determine whether a claimant is disabled." *Id.* (internal citations omitted).

This sequential evaluation process ("SEP") has up to five steps: "The claimant (1) must not be engaged in 'substantial gainful activity,' *i.e.*, currently working; and (2) must have a 'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity ("RFC") to (4) perform [the claimant's] past work or (5) any other work." *Albright*, 174 F.3d at 475 n.2 (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The law concerning these five steps is well-established. *See, e.g., Mastro v. Apfel*, 270 F.3d 171, 177-180 (4th Cir. 2001); *Hall*, 658 F.2d at 264-65.

### III. THE ALJ's DECISION

In her August 1, 2014 decision, the ALJ found that Plaintiff was not disabled under Sections 216(i), 223(d), and 1614(a)(3)(A) of the Act. (Tr. 20.) In making this disability determination, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since November 25, 2009. (Tr. 13.) At step two, the ALJ found that Plaintiff had the following severe impairments: Grave's disease and chronic fatigue. (*Id.*) At step three, the ALJ found that Plaintiff had no impairment or combination of impairments listed in, or medically equal to, one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 14.) The ALJ then determined that Plaintiff retained the RFC to perform sedentary work "except she must

4

never use ladders, ropes, or scaffolds." (Tr. 15.) At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. (Tr. 18.) At step five, the ALJ determined that there were jobs which Plaintiff could perform consistent with her RFC, age, education, and work experience. (Tr. 19.)

## IV. DISCUSSION

Plaintiff raises two issues on appeal. First, Plaintiff argues that the ALJ erred in her finding that Plaintiff has the RFC to perform sedentary work. (Docket Entry 10 at 8-10.) Second, Plaintiff argues that the ALJ erred in her finding as to Plaintiff's credibility. (*Id.* at 10-13.) For the reasons stated herein, the undersigned concludes that substantial evidence supports the ALJ's RFC findings, and the ALJ properly assessed Plaintiff's credibility.

A. Residual Functional Capacity

Plaintiff argues that the ALJ erred in finding that Plaintiff has the residual functional capacity to perform sedentary work. (*Id.* at 8.) "Residual functional capacity" is the most a claimant can do in a work setting despite the physical and mental limitations of her impairment and any related symptom (*e.g.*, pain). *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory or skin impairments)." *Hall*, 658 F.2d at 265. Here, the ALJ found that Plaintiff could perform sedentary work with additional limitations. (Tr. 15.) Plaintiff asserts that the ALJ erred in her RFC findings because she did not give controlling weight to Plaintiff's treating physician, Dr. Karen Smith. (Docket Entry 10 at 9-10.) Plaintiff's argument fails.

5

The "treating physician rule," 20 C.F.R. § 404.1527(c)(2), generally provides more weight to the opinion of a treating source, because it may "provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) [which] may bring a unique perspective to the medical evidence." 20 C.F.R. § 404.1527(c)(2); *see also* 20 C.F.R. § 416.927(c)(2).[2] An ALJ refusing to accord controlling weight to the medical opinion of a treating physician must consider various "factors" to determine how much weight to give it. *Id.* § 404.1527(c)(2)-(6); *see also* 20 C.F.R. § 416.927(c)(2)-(6). These factors include: (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion. *Id.* § 404.1527(c)(2)-(6); *see also* 20 C.F.R. § 416.927(c)(2)-(6).

Significantly, as subsections (2) through (4) of the rule describe in great detail, a treating source's opinion, like all medical opinions, must be both well-supported by medical signs and laboratory findings as well as consistent with the other substantial evidence in the case record. *Id.* § 404.1527(c)(2)-(4); *see also* 20 C.F.R. § 416.927(c)(2)-(4). "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should

---

[2] SSR 96–2p provides that "[c]ontrolling weight may not be given to a treating source's medical opinion unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques." SSR 96-2p, 1996 WL 374188, at *1 (July 2, 1996). However, where "a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight[.]" *Id.* SSR 96-5p provides further that "treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance." SSR 96-5p, 1996 WL 374183, at *1 (July 2, 1996). However, "opinions from any medical source about issues reserved to the Commissioner must never be ignored, and . . . the notice of the determination or decision must explain the consideration given to the treating source's opinion(s)." *Id.*

6

be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996); *accord Mastro*, 270 F.3d at 178. Opinions by physicians regarding the ultimate issue of whether a plaintiff is disabled within the meaning of the Act never receive controlling weight because the decision on that issue remains for the Commissioner alone. 20 C.F.R. §§ 404.1527(d), 416.927(d).

Plaintiff relies upon two medical source statements provided by Dr. Smith. In one statement regarding chronic fatigue, Dr. Smith noted that Plaintiff could only work 4 hours a day with frequent breaks, and no occasional or frequent lifting. (Tr. 399-400.) In another medical statement, Dr. Smith indicated that Plaintiff was experiencing severe pain in her left arm and shoulder, and could only occasionally lift less than 10 pounds. (Tr. 405-08.) This statement also indicated that Plaintiff could sit, stand and walk without limitations. (Tr. 406.) Here, the ALJ gave limited weight to opinions of Dr. Smith, as they were based upon Plaintiff's own subjective statements and "appear[ed] to rest at least in part on an assessment of impairments outside [Dr. Smith's] area of expertise." (Tr. 18.) The ALJ found that Plaintiff's subjective complaints were concerning, and that Dr. Smith's opinions were "inconsistent with other substantial evidence in the case record." (*Id.*)

Substantial evidence supports the ALJ's decision to afford less than controlling weight to Dr. Smith. Based upon referrals dating back to 2007, the record indicates that Dr. Smith and Plaintiff may have had a long-standing treating relationship. However, the office treatment notes of record provided by Dr. Smith reflect only a one-time visit in June 2014 (Tr. 392-98), and medical source statements during the same time period. (Tr. 399-408.) Although Dr. Smith stated that Plaintiff was experiencing cervical spine pain and left upper extremity

7

Case 1:15-cv-00951-LCB-JLW   Document 14   Filed 11/14/16   Page 7 of 13

pain (specifically noting left upper humerus with tightening), she also opined that Plaintiff had normal tone and motor strength, no contractures, malalignment, tenderness, or bony abnormalities, and normal movement of all extremities. (Tr. 398.) Moreover, beyond the June 2014 assessment, there appears to be no further evidence of cervical spine and/or left upper extremity pain, which is seemingly the primary basis for Dr. Smith's opinion. Plaintiff argues that the medical source statements completed by Dr. Smith during the same time period indicate that Plaintiff cannot perform the full range of sedentary work, nor can Plaintiff work on a sustained, continuous basis. (Docket Entry 10 at 10.) Plaintiff's argument ignores the fact that it is the ALJ, not Dr. Smith, who is responsible for determining Plaintiff's RFC and making a final disability determination here. *Pruitt v. Colvin*, No. 5:13-CV-00124-MOC, 2014 WL 1713832, at *3 (W.D.N.C. Apr. 30, 2014) (unpublished) (citing 20 C.F.R. § 404.1546(b)) ("The ALJ is solely responsible for determining the RFC of a claimant."); *see also Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) ("[A]lthough medical source opinions are considered in assessing RFC, the final determination of RFC is left to the Commissioner."); SSR 96-5P, 1996 WL 374183, at *2 ("[T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance.").

During the relevant period for her disability claim, Plaintiff's medical history consists mostly of treatment regarding her Graves' disease and thyroid care. (*See* Tr. 280-294; 297-98; 299-331.) Even as to her thyroid condition, Plaintiff has not always been in compliance with treatment. (*See* Tr. 300 (Plaintiff "has been somewhat noncompliant with her medications in the past"); Tr. 305 (Plaintiff "admits to noncompliance with her Synthroid and will go days without taking it")). Medical evidence also reveals that her condition was manageable when

8

Plaintiff complied with treatment instructions. (*See* Tr. 328-29 (noting that Plaintiff "has been doing well"); Tr. 355 (noting that "[s]ymptoms are stable")). The ALJ concluded that Plaintiff's inconsistencies "suggests that her symptoms may not have been as serious as has been alleged in connection with [Plaintiff's disability claim]." (Tr. 17.)

In sum, the ALJ did not error in assigning limited weight to Dr. Smith as substantial evidence supports her findings as to these opinions. *Mastro v. Apfel*, 270 F.3d at 178 ("[T]he ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence."); *see also Parrish v. Colvin*, No. 1:09CV845, 2014 WL 3107292, at *4 (M.D.N.C. July 7, 2014) (unpublished) ("The ALJ did not err by noting that [the treating physician's] objective clinical findings failed to support her proposed limitations and that they conflicted with other medical evidence and the record as a whole."); *Breed v. Colvin*, No. 1:10CV583, 2013 WL 3717740, at *5 (M.D.N.C. July 12, 2013), *subsequently aff'd*, 592 F. App'x 215 (4th Cir. 2015) ("The ALJ's assessment of [the treating physician's] opinion is supported by substantial evidence."); *Chavis v. Colvin*, No. 1:11CV771, 2013 WL 7853486, at *6 (M.D.N.C. Mar. 4, 2013) (unpublished) ("[T]he record, including [the treating physician's] own medical assessments, does not demonstrate a limitation . . . as suggested in [the treating physician's] medical source statement.").

B. <u>Plaintiff's Credibility</u>

Next Plaintiff argues that the ALJ erred in her determination of Plaintiff's credibility. (Docket Entry 10 at 10-13.) The Fourth Circuit Court of Appeals has adopted a two-step process by which the ALJ must evaluate a claimant's symptoms. First, the ALJ must determine if the plaintiff's medically documented impairments could reasonably be expected to cause her

9

alleged symptoms. *Craig,* 76 F.3d at 594. The second step includes an evaluation of subjective evidence, considering the claimant's "statements about the intensity, persistence, and limiting effects of [the claimant's] symptoms." *Id.* at 595 (citing 20 C.F.R. §§ 416.929(c)(4) and 404.1529(c)(4)). "The ALJ must consider the following: (1) a claimant's testimony and other statements concerning pain or other subjective complaints; (2) claimant's medical history and laboratory findings; (3) any objective medical evidence of pain; and (4) any other evidence relevant to the severity of the impairment." *Grubby v. Astrue,* No. 1:09cv364, 2010 WL 5553677, at *3 (W.D.N.C. Nov. 18, 2010) (unpublished) (citing *Craig,* 76 F.3d at 595; 20 C.F.R. § 404.1529(c)). "Other evidence" refers to factors such as claimant's daily activities, duration and frequency of pain, treatment other than medication received for relief of symptoms, and any other measures used to relieve claimant's alleged pain. *Id.* SSR 96-7p, *Assessing the Credibility of an Individual's Statements,* also instructs the ALJ to "consider the entire case record" and requires a credibility determination to "contain specific reasons for the finding on credibility, supported by the evidence in the case record[.]" SSR 96-7p. An ALJ's credibility determination receives "substantial deference." *Sayre v. Chater,* No. 95-3080, 1997 WL 232305, at *1 (4th Cir. May 8, 1997) (unpublished).

Here, at step one, the ALJ found that "[Plaintiff] does have severe impairments that could reasonably be expected to produce some of the symptoms she alleges if she failed to follow her medical regimen or attempted to exceed her residual functional capacity[.]" (Tr. 16.) At step two, the ALJ concluded that Plaintiff's "allegations as to the intensity, persistence and limiting effects of these symptoms are disproportionate and not consistent with the corroborating evidence." (*Id.*) The ALJ's decision is supported by substantial evidence. At

10

the hearing, Plaintiff testified concerning her constant feeling of fatigue, and having blurry vision, heart palpitations, and migraines stemming from the Graves' disease. (Tr. 37-38.) Plaintiff stated that she always adhered to treatment instructions. (Tr. 46.) However, as previously noted, Plaintiff's own medical documentation indicates some lapses in treatment compliance. (Tr. 47-48; 300; 305.) Plaintiff testified as to debilitating knee pain. (Tr. 39-40.) Plaintiff sought treatment for her knee pain (Tr. 334-38; 339-343; 344-348), however a physical therapy discharge summary indicated Plaintiff had "poor attendance" and that her "[g]oals were not met." (Tr. 349.) This again highlights a point of noncompliance from Plaintiff as it relates to her medical treatment. Additionally, Plaintiff's subjective complaints of her alleged disabling condition are discredited by her own testimony of daily living activity including her ability to prepare simple meals, handle personal finances, perform household chores with assistance, go walking and grocery shopping, attend church and socialize with friends. (Tr. 44-45; 232-39.)

Plaintiff argues that the ALJ "misapplied the Fourth Circuit pain standard by dismissing [Plaintiff's] subjective complaints as inconsistent with the record." (Docket Entry 10 at 12.) Plaintiff relies upon *Hines v. Barnhart*, where the Fourth Circuit found the ALJ in error for "requir[ing] objective evidence that [claimant's] pain was so intense as to prevent him from working an eight hour day." 453 F.3d at 563-64. However, the court also held noted that

> While objective evidence is not mandatory at the second step of the test,
>
> [t]his is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are

11

> inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers.

*Id.* at 565 n.3 (citing *Craig,* 76 F.3d at 595). "*Hines* does not *compel* ALJs to consider only subjective evidence at part two of the credibility assessment, as such a requirement conflicts with the regulations, which plainly require ALJs to consider a variety of factors in evaluating the intensity, persistence, and limiting effects of pain." *Long v. Colvin*, No. 1:13CV0659, 2015 WL 1312919, at *5 (M.D.N.C. Mar. 24, 2015), *report and recommendation adopted*, No. 1:13CV659, 2015 WL 1646985 (M.D.N.C. Apr. 14, 2015) (citing 20 C.F.R. § 404.1529(c) (emphasis in original)). Here, the ALJ considered Plaintiff's testimony, along with medical records and Plaintiff's notable treatment noncompliance. To the extent Plaintiff's subjective complaints were "inconsistent with the available evidence," the ALJ was not required to accept them. *Dameron v. Colvin*, No. 1:09-CV-425, 2013 WL 1909870, at *3 (M.D.N.C. May 8, 2013), *aff'd*, 559 F. App'x 245 (4th Cir. 2014) (citing *Hines*, 453 F.3d at 565). "In sum, the ALJ's credibility analysis . . . complies with the regulations and Fourth Circuit law." *Mason v. Colvin*, No. 1:13CV1150, 2015 WL 4460348, at *6 (M.D.N.C. July 21, 2015) (unpublished). Thus, Plaintiff's argument fails. *See Hewett v. Colvin*, No. 1:14CV684, 2016 WL 715793, at *5 (M.D.N.C. Feb. 22, 2016) (unpublished) ("[T]he Court cannot find that the ALJ selectively cited the record to inaccurately find an inconsistency as in *Hines*, or that the ALJ placed undue emphasis on Plaintiff's described daily activities."); *Bell v. Colvin*, No. 1:10CV709, 2015 WL 419810, at *8 (M.D.N.C. Feb. 2, 2015) (unpublished) (finding that "the ALJ did, in fact, properly consider objective medical evidence contrary to [p]laintiff's claims in conjunction with the subjective evidence as required by *Hines*").

12

## V. CONCLUSION

After a careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence and was reached based upon a correct application of the relevant law. Accordingly, this Court **RECOMMENDS** that Plaintiff's Motion for Judgment on the Pleadings (Docket Entry 9) be **DENIED**, that Defendant's Motion for Judgment on the Pleadings (Docket Entry 12) be **GRANTED**, and that the final decision of the Commissioner be upheld.

Joe L. Webster
United States Magistrate Judge

November 14, 2016
Durham, North Carolina