IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANDREA S. MCCRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV951 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On November 14, 2016, in accordance with 28 U.S.C. § 636(b), the Recommendation of the United States Magistrate Judge was filed and served on the parties in this action, and a copy was given to the court. Within the time limitation set forth in the statute, counsel for Plaintiff objected to the Recommendation.

The court has made a *de novo* determination which is in accord with the Magistrate Judge's Recommendation. It appears Plaintiff has lodged a new claim in her Objection regarding the ALJ's alleged failure to give adequate weight to the prior ALJ's decision in this case. (ECF No. 16 at 4.) However, the Court is not obligated to consider such claim raised for the first time in response to the Recommendation.[1] *Rankin v. Colvin*, No. 1:12-CV-308-FDW-DSC, 2013 WL 5356822, at *4 (W.D.N.C. Sept. 24, 2013) (unpublished) ("[P]arties may

---

[1] The Court recognizes its obligation to "consider new arguments respecting any *existing* claims." *Hendrix v. Colvin*, No. 5:12-CV-01353-JMC, 2013 WL 2407126, at *3 (D.S.C. June 3, 2013) (emphasis added).

not raise new claims in their objections to a [Recommendation]."). Even if the Court were to consider Plaintiff's argument, it is without merit. Essentially Plaintiff asserts that the prior ALJ's finding was more restrictive than the most recent ALJ's findings. (ECF No. 16 at 5.) Plaintiff asserts that adequate weight was not given to the prior decision and "[d]espite this prior finding and [Plaintiff's] worsening condition, [the most recent ALJ] found that she could actually perform a greater range of sedentary work than she could back in November 2009." (*Id.*)

Plaintiff correctly asserts that an ALJ is required to consider findings from a prior final decision of the Commissioner in making a disability determination for a subsequent application that covers an unadjudicated time period. *Albright v. Comm'r of Soc. Sec. Admin.,* 174 F.3d 473, 477-78 (4th Cir. 1999); *see also Barbee v. Colvin*, No. 5:14-CV-424-D, 2015 WL 5039124, at *7 (E.D.N.C. Aug. 7, 2015), *report and recommendation adopted*, No. 5:14-CV-424-D, 2015 WL 5054402 (E.D.N.C. Aug. 26, 2015) ("The ALJ is required to consider the findings contained in a prior final decision of the Commissioner in determining disability in a subsequent application involving an unadjudicated time period."). However, the ALJ "is not bound to adopt those findings verbatim but must consider the prior findings and assign a weight to such findings." *Manuel v. Colvin*, No. 1:11CV8, 2015 WL 519481, at *4–5 (M.D.N.C. Feb. 9, 2015) (citing *Albright,* 174 F.3d at 477-78). Acquiescence Ruling 00-1(4) issued by the Social Security Administration sets forth clear direction for ALJs that encounter such circumstances:

> When adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider

2

such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances. In determining the weight to be given such a prior finding, an adjudicator will consider such factors as: (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

SSAR 00-1(4), 2000 WL 43774, at *4 (Jan. 12, 2000).

Here, the ALJ explicitly considered the previous ALJ's decision:

The [ALJ] gives this [prior] decision only some weight in that the record on the current claim does support a finding of sedentary exertion. However, many of the non-exertional limitations identified by the prior [ALJ] is not supported on the current claim-including some of the findings pertaining to severe impairments.

(Tr. 18.) Both ALJs found that Plaintiff was limited to sedentary work, however the ALJ in the August 2014 decision found less limitations based upon the record before her. Additionally, the prior ALJ in the November 2009 decision found Plaintiff to have more severe impairments than those found in the August 2014 decision. (Tr. 61.) Obviously, the previously adjudicated period is close in time to the current time period now being adjudicated. The most recent ALJ's decision is not rendered insufficient for lack of specific reference to SSAR 00-1(4), *see e.g, Melvin v. Astrue*, 602 F. Supp. 2d 694, 702 (E.D.N.C. 2009), or failing to "walk through each factor[.]" *Pope v. Colvin*, No. 4:14-CV-00077-D, 2015 WL 5147594, at *6 (E.D.N.C. Aug. 10, 2015), *amended*, No. 4:14-CV-00077-D, 2015 WL 5158977 (E.D.N.C. Aug. 13, 2015), *report and recommendation adopted*, No. 4:14-CV-77-D, 2015 WL 5164939 (E.D.N.C. Aug. 31, 2015), and *report and recommendation adopted*, No. 4:14-CV-77-D, 2015 WL 5164939

3

(E.D.N.C. Aug. 31, 2015). Additionally, although the most recent ALJ's decision noted less severe impairments and less limitations in Plaintiff's residual functional capacity ("RFC"), both ALJs ultimately found that Plaintiff could perform work at the sedentary level, and both found that Plaintiff did not have an impairment or a combination of impairments that met a listing under 20 C.F.R. Part 4040, Subpart P, Appendix 1. *See Ruelas v. Astrue*, No. 2:08CV00030, 2009 WL 229751, at *13 (W.D. Va. Jan. 29, 2009) ("While the court is aware that [a] discrepancy does suggest that [plaintiff's] condition has changed since the previous decision, the court notes that both ALJs determined that [plaintiff] did not suffer from an impairment . . . that met or medically equaled on[e] of the listed impairments . . . ."). In determining Plaintiff's RFC and rendering the ultimate disability determination, the most recent ALJ gave "careful consideration of the entire record" (Tr. 15), including but not limited to, consideration of "the findings from the prior ALJ decision" (Tr. 18) and medical treatment records from the time period subsequent to the prior ALJ's decision. Thus, Plaintiff's argument fails and the court adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that the Plaintiff's motion for Judgment on the Pleadings (ECF No. 9) is DENIED, that the Defendant's motion for judgment on the pleadings (ECF No. 12) is GRANTED, that the Commissioner's decision finding no disability is AFFIRMED, and that this action is dismissed with prejudice. A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 6th day of January, 2017.

                                          /s/ Loretta C. Biggs
                                        United States District Judge